| | |
|---|---|
| United State of America, | Case No. 18-cr-35(2) (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jodean Danielle Taylor, | |
| Defendant. | |

Melinda A. Williams, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Piper Kenney Wold, Law Office of Piper Kenney Wold, 331 Second Avenue South, Suite 704, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions filed by Defendant:

1. Motion to Compel Affirmance or Denial of Unlawful Acts (ECF No. 37);

2. Motion to Compel Production of *Brady* Materials (ECF No. 38);

3. Motion for Disclosure and Inspection (ECF No. 40);

4. Motion for Disclosure of Informants and Witnesses (ECF No. 41);

5. Motion for *Giglio* Discovery (ECF No. 42);

6. Motion for Early Jencks Act Material and Grand Jury Disclosure (ECF No. 43); and

7. Motion for Government to Retain Rough Notes (ECF No. 45).

1

A hearing was held on October 23, 2018. Assistant United States Attorney Katharine T. Buzicky appeared on behalf of Assistant United States Attorney Melinda A. Williams for the United States of America (the "Government"). Attorney Peter Wold appeared on behalf of Attorney Piper Kenney Wold for Defendant Jodean Danielle Taylor.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Compel Affirmance or Denial of Unlawful Acts (ECF No. 37) is **DENIED WITHOUT PREJUDICE**. Pursuant to 18 U.S.C. § 3504, Defendant asks for an order directing the Government "to affirm or deny the occurrence of unlawful acts in the conduct of its investigation." The Government opposes the motion, stating that Defendant "has not identified any specific evidence that she believes was obtained illegally and the [G]overnment did not conduct any illegal surveillance during the investigation." (Gov't's Omnibus Resp. at 1, ECF No. 49.) At the hearing, Defendant had nothing further to add in support of the motion.

Section 3504 states that

> [i]n any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States . . . upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act.

18 U.S.C. § 3504(a)(1). "An aggrieved party's claim must 'appear to have a colorable basis before it may function to trigger the government's obligation to respond under

§ 3504.'" *Christy v. United States Dep't of Justice*, 842 F. Supp. 2d 280, 283 (D. D.C. 2012) (quoting *United States v. Pacella*, 622 F.2d 640, 643 (2d Cir. 1980) (internal quotation marks omitted)); *accord United States v. Bernard*, No. 7:09-CR-50-F-1-2, 2009 WL 10681148, at *7 (E.D. N.C. Aug. 18, 2009) ("Title 18 U.S.C. Section 3504(a)(1) requires a preliminary showing by a defendant as to the existence of electronic surveillance before requiring a government response to a defendant's request for such material."). "Mere conclusory allegations or suspicions that electronic surveillance has occurred are insufficient to mandate a government response." *Bernard*, 2009 WL 10681148, at *7 (quotation omitted); *see, e.g.*, *United States v. James*, 609 F.2d 36, 51 (2d Cir. 1979) (claim that illegal electronic surveillance occurred "cannot be based on mere suspicion but must have at least a 'colorable basis' before the government will be obliged to respond").

Defendant has offered nothing more than mere suspicion that illegal electronic surveillance may have occurred during the investigation of this matter. Defendant has not made the requisite preliminary showing, and the Government has represented that no illegal surveillance occurred. Accordingly, Defendant's motion is denied without prejudice.

2. Defendant's Motion to Compel Production of *Brady* Materials (ECF No. 38) and Motion for *Giglio* Discovery (ECF No. 42) are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to her under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant also seeks information regarding Government witnesses.

3

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny and objects to Defendant's motion to the extent the materials sought go beyond the requirements of these authorities.

At the outset, "[c]riminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). With respect to information regarding Government witnesses, both testifying and non-testifying, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

At the same time, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because

exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Fed. R. Crim. P. 26.2 materials. To the extent that Defendant seeks the statements of testifying witnesses, the production of any such statements fall within the purview of the Jencks Act and Fed. R. Crim. P. 26.2. *See infra* ¶ 4. To the extent that Defendant's motions seek discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, they are denied. *See Johnson*, 228 F.3d at 924. And, to the extent Defendant seeks the statements of non-testifying witnesses, such requests are denied. *Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Motion for Disclosure of Informants and Witnesses (ECF No. 41) is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks "the names and addresses of any informants and cooperating individuals who were working with, or were utilized by, law enforcement officials in the investigation of this matter." The

5

Government objects to the motion, stating that it is not required to disclose its witnesses prior to trial and Defendant has not met her burden to warrant disclosure.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671,

674 (8th Cir. 2001). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to her case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.

To the extent there are informants or cooperating individuals who were percipient witnesses to the crimes with which Defendant is charged, who will be witnesses at Defendant's trial, or whose testimony will be material to the determination of the case against Defendant, the Government shall disclose the identities of such individuals and provide the requested information no later than seven days before trial. *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2-3 (D. Minn. July 6, 2018); *United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (finding seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants"). To the extent Defendant seeks information regarding any other informants or cooperating individuals, Defendant's motion is denied as Defendant has failed to meet her burden of demonstrating the need for disclosure of these individuals. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)).

4. Defendant's Motion for Early Jencks Act Material and Grand Jury Disclosure (ECF No. 43) is **GRANTED IN PART** and **DENIED IN PART**. Defendant moves for disclosure of Jencks Act materials and grand jury testimony no later than one

month prior to trial. The Government states that, "[w]hile [it] has already disclosed numerous Jencks statements and may choose to continue to disclose Jencks materials well in advance of trial, [it] objects to any Court-ordered disclosure of 'early' Jencks evidence." (Gov't's Omnibus Resp. at 6.)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. Consistent with the general practice in this District, the Court encourages the Government to disclose Jencks Act materials no less than three days before trial, but does not order the Government to do so.

As for grand jury materials, "[i]t has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of

nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."). Defendant has not made any showing of particularized need for grand jury materials. Therefore, Defendant's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

5. Defendant's Motion for Government to Retain Rough Notes (ECF No. 45) is **GRANTED**. Defendant requests an order directing "all law enforcement agents, including any confidential informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records." While seeking only retention in this motion, Defendant requests disclosure of "[a]ll rough notes of the interviewing agents taken in connection with the investigation of this matter" in her Motion for Disclosure and Inspection, *see infra* ¶ 6. The Government does not object to an order "requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes but . . . object[s] to any order concerning the disclosure of rough notes." (Gov't's Omnibus Resp. at 6; *see id.* at 3-4.)

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent Defendant seeks disclosure of rough notes, such request is denied. *See, e.g.*, *Polk*, 715 F.3d at 249-50; *United States v. Jewell*, 614 F.3d 911, 924-25 (8th Cir. 2010); *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994).

6. Lastly, Defendant's Motion for Disclosure and Inspection (ECF No. 40) is **GRANTED IN PART** and **DENIED IN PART**. In this motion, Defendant seeks a laundry list of discovery from the Government. Several of Defendant's requests are duplicative of and overlap with other more specific motions already addressed herein. The Government states it "has provided extensive discovery in the case to date and . . . understands its continuing obligations with respect to discovery." (Gov't's Omnibus Resp. at 2.) The Government further states it "will comply with Fed. R. Crim. P. 16(a)(1)(A)-(F) and with Rules 702, 703, and 705 of the Federal Rules of Evidence," but objects to the extent Defendant seeks discovery outside the scope of these rules. (Gov't's Omnibus Resp. at 2.) The Government also requests that the Court set a deadline for the parties' expert disclosures, proposing two weeks prior to trial. At the hearing, Defendant agreed to expert disclosures two weeks prior to trial.

As for information subject to disclosure under Rule 16(a) of the Federal Rules of Criminal Procedure, Defendant's motion is granted to the extent that any other responsive information subject to disclosure under Rule 16(a) remains in the Government's control

and has not yet been produced. Defendant's motion is denied as moot to the extent the discovery sought seeks information that the Government has already produced.

No later than 14 days prior to trial, the parties shall make their respective expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

To the extent Defendant seeks information regarding testifying and non-testifying witness, the above rulings regarding such individuals shall govern. *See supra* ¶¶ 2-4.

Defendant's request for the production of rough notes is denied. *See supra* ¶ 5.

Defendant requests information regarding searches conducted in this matter. To the extent such information exists and has not been provided, Defendant's motion is granted.

Defendant seeks "[a]ll of the information requested in connection with [her] Motion for Disclosure of Brady Materials." This request is duplicative of Defendant's Motion to Compel Production of *Brady* Materials, *see supra* ¶ 2, and shall be governed by the Court's ruling above.

Defendant requests that the Court order the Government to disclose the requested discovery "immediately to ensure that the disclosures are complete." Except as otherwise set forth in this Order, the Government shall provide any discovery ordered herein as soon as practicable.

Defendant also requests that her discovery requests be "deemed continuous, and if the [G]overnment discovers additional evidence previously requested or ordered to be produced that is subject to discovery," the Government shall notify defense counsel as to "the existence of the additional material." The Court has no reason to doubt that the

Government will honor its continuing disclosure obligations under Fed. R. Crim. P. 16(c). Defendant's request, however, is granted, and any such information or material that comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent not expressly granted herein or addressed elsewhere in this Order, Defendant's motion is denied. *See Johnson*, 228 F.3d at 924.

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: November  19 , 2018          *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota

*United States v. Taylor*
Case No. 18-cr-35(2) (JRT/TNL)